# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | : | Civil No. 1:19-CV-00450 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BETTY JANE BROOKS and ESTATE OF JOHN W. ALLEMAN, JR., | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

This is an interpleader action brought under Federal Rule of Civil Procedure 22 by Plaintiff Principal Life Insurance Company ("Principal") to determine the proper beneficiary for a $32,000 life insurance policy ("the policy") that was owned by John W. Alleman, Jr. ("Alleman"), who is now deceased. The Defendants to the action are Alleman's estate ("the estate") and Betty Jane Brooks ("Brooks"). The estate has answered the complaint, but Brooks has not yet responded. The case is presently before the court on a motion for default judgment filed by Principal. For the reasons that follow, the motion for default judgment is granted in part and denied as moot in part.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Principal filed the interpleader complaint that initiated this case on March 13, 2019. (Doc. 1.) According to the allegations in the complaint, Alleman was the holder of a life insurance policy through a group policy held by his employer,

Associated Products Services, Inc. (*Id.* ¶ 6.) The policy was administered by Principal and subject to the terms of the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.* ¶¶ 4, 6). Alleman initially named Debra K. Alleman as the beneficiary of the policy, but subsequently changed the beneficiary to Brooks on April 1, 2010. (*Id.* ¶¶ 7–8.)

On May 1, 2015, Alleman died as a result of a gunshot wound to the head. (*Id.* ¶ 10.) Alleman's death triggered Principal's obligation to pay the $32,000 benefit owed under the policy. (*Id.* ¶ 11.) Brooks filed a claim for the benefit on May 11, 2015. (*Id.* ¶ 12.) After Brooks's claim was filed, however, Principal learned that local police were investigating Brooks for possible involvement in Alleman's death and that the District Attorney planned to bring charges against Brooks. (*Id.* ¶ 13.) Because Pennsylvania's slayer statute precludes the recovery of a life insurance benefit by an individual who is convicted of killing the decedent, Principal did not pay the benefit to Brooks and instead filed the instant interpleader action seeking a court order as to the proper beneficiary of the benefits under the policy. (*Id.* ¶¶ 14–24.) The complaint names as defendants the estate and Brooks. (*Id.* ¶¶ 2–3.)

After Brooks failed to answer or otherwise respond to Principal's interpleader complaint, the Clerk of Court entered default against Brooks on August 12, 2019. (Doc. 14.) The estate answered the complaint on November 12,

2019.  (Doc. 18.)  The case was then reassigned from United States District Judge Yvette Kane to the undersigned pursuant to a verbal order from then-Chief United States District Judge Christopher C. Conner on November 19, 2019.

Principal filed the instant motion for default judgment and a supporting brief on November 20, 2019, seeking (1) default judgment against Brooks, (2) an award of attorney's fees and costs in the amount of $6,880.31, (3) a court order requiring the proceeds of the policy to either be disbursed to the estate or deposited into the court's registry, and (4) a court order discharging Principal of all liability under the policy.  (Docs. 19–20.)  Neither defendant filed a brief opposing the motion, making it ripe for the court's review.

## JURISDICTION

Federal law provides two means for a plaintiff to bring a claim for equitable interpleader: statutory interpleader under 28 U.S.C. § 1335 and rule interpleader under Federal Rule of Civil Procedure 22.  *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007).  Where, as here, a claim is brought under Rule 22, a plaintiff "must plead and prove an independent basis for subject matter jurisdiction," because Rule 22 is "no more than a procedural device."  *Id.* (citing *NYLife Distribs., Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 372 n.1 (3d Cir. 1995)).

Principal alleges that this court has federal question jurisdiction because the policy at issue is a life insurance policy under ERISA. (Doc. 1 at 1–2.) The Third Circuit has held that a federal court has subject matter jurisdiction over a rule interpleader action where the complaint seeks a ruling regarding the proper beneficiary of an ERISA life insurance policy. *Price*, 501 F.3d at 276–77. Principal's allegation that the policy was issued under ERISA is therefore sufficient to confer subject matter jurisdiction on this court. *Id.*

### DISCUSSION

A claim for equitable interpleader allows an entity holding property "to join in a single suit two or more persons asserting claims to that property." *Price*, 501 F.3d at 275. "The plaintiff in an interpleader action is a stakeholder that admits it is liable to one of the claimants, but fears the prospect of multiple liability." *Id.* "Interpleader allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings. The competing claimants are left to litigate between themselves." *Id.*

Interpleader actions typically proceed in two steps. *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009). "During the first stage, the court determines whether the interpleader complaint was properly brought and whether to discharge the stakeholder from further liability to the claimants." *Id.* (citing *NYLife*, 72 F.3d at 375). "During the second stage, the court determines the

respective rights of the claimants to the interpleaded funds." *Id.* (citing *NYLife*, 72 F.3d at 375).

An interpleader action is properly brought where the named beneficiary of a life insurance policy is potentially barred from recovering under the policy because of her alleged role in the killing of the decedent. *Prudential Life Ins. Co. of Am. v. White*, No. 1:16-CV-01094, 2017 WL 2834459, at *3 (M.D. Pa. June 29, 2017). In such a situation, "[a]n insurer faced with potentially conflicting claims by a possible slayer and the insured's estate may absolve itself of excess liability by paying the proceeds into the registry of the court and filing an action in interpleader to determine the proper recipient." *Id.* (quoting *Overstreet v. Ky. Cent. Life Ins. Co.*, 950 F.2d 931, 940 (4th Cir. 1991)). Accordingly, Principal's interpleader action is properly brought here because Principal seeks to resolve "potentially conflicting claims by a possible slayer and the insured's estate." *Id.*

The court therefore turns its attention to Principal's motion for default judgment. As noted above, the motion seeks (1) default judgment against Brooks, (2) an award of attorney's fees and costs in the amount of $6,880.31, (3) a court order requiring the proceeds of the policy to either be disbursed to the estate or deposited into the court's registry, and (4) a court order discharging Principal of all liability under the policy.

At the outset, the court will grant Principal's motion to the extent that it seeks interpleader relief discharging Principal of all liability under the policy. Such relief is appropriate for an insurer that has properly filed an action for interpleader seeking resolution of conflicting claims to a life insurance policy by a possible slayer and the estate of the deceased. *White*, 2017 WL 2834459, at *3. The court will similarly grant the motion to the extent that it seeks to transfer the proceeds of the policy from Principal to another entity. *See id.* Because there are issues of material fact as to whether Brooks is entitled to recover under the policy, however, the court will order that the money be deposited into the court's registry rather than disbursed to the estate.

As for Principal's request for default judgment against Brooks, the court will deny that portion of Principal's motion as moot. As noted above, the equitable remedy of interpleader "allows the stakeholder to file suit, deposit the property with the court, and withdraw from the proceedings." *Price*, 501 F.3d at 275. Thus, once a party has been granted interpleader relief, that party's request for default judgment against another party is moot. *See, e.g.*, *Primerica Life Ins. Co. v. Coleman*, No. 3:16-CV-02429, 2017 WL 4711436, at *2 (M.D. Pa. Oct. 20, 2017) ("Because the Court grants summary judgment as to Primerica's claim for interpleader relief, Primerica will be dismissed from the case, rendering its motion for default judgment against Christopher Coleman moot."). Here, Principal will be

6

granted interpleader relief and dismissed from this case.  Accordingly, its request for default judgment against Brooks will be denied as moot.

The court turns next to Principal's request for attorney's fees and costs.  A decision of whether to award attorney's fees and costs in an interpleader action is left to the discretion of the district court.  *ReliaStar Life Ins. Co. v. Moore*, No. 1:08-CV-01942, 2010 WL 773457, at *4 (M.D. Pa. Mar. 1, 2010) (Vanaskie, J.).  Such fees and costs may be awarded "if the plaintiff is (1) a disinterested stakeholder, (2) who has conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability."  *Id.* (quoting *Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003)).  An award of fees and costs, however, "is not appropriate 'when a stakeholder has used the court to aid it in making a decision which is an ordinary one in the course of the stakeholder's business.'"  *Id.* (quoting *Steamfitters Local Union No. 420 Welfare Fund v. Belfiglio*, No. 90-CV-04536, 1991 WL 15247, at *4 (E.D. Pa. Feb. 6, 1991)).

Here, the court will grant Principal's motion to the extent that it seeks to recover attorney's fees and costs.  Fees and costs are appropriate because Principal is a disinterested stakeholder that has conceded liability under the policy and has sought discharge from further liability.  *ReliaStar*, 2010 WL 773457, at *4.  The decision of how to disburse the funds under the policy is also not "an ordinary one

in the course of [Principal's] business." *Id.* As Principal notes in its brief, the terms of the policy would ordinarily require Principal to pay the proceeds of the policy to Brooks, but Brooks might be barred from recovering such funds under Pennsylvania's slayer statute. (Doc. 20 at 5); *see also, e.g.*, *Prudential Life Ins. Co. of Am. v. Fantaye*, No. 08-CV-03172, 2009 WL 482699, at *1–2 (D.N.J. Feb. 19, 2009) (awarding fees and costs to life insurance company that sought interpleader relief to resolve potentially competing claims brought by the estate of the deceased and the named beneficiary who had been accused of killing the deceased).

Principal has supported its request for fees and costs with an affidavit from Attorney Edna S. Kersting. (*See* Doc. 19-4.) There is no dispute that the amount of fees and costs sought by Principal—$6,880.31—is reasonable. The estate has consented to Principal recovering its fees and costs by deducting that amount from the policy proceeds. (Doc. 19 ¶¶ 8–9.) Accordingly, the court will grant Principal's motion to the extent that it seeks to recover its fees and costs.

## CONCLUSION

For the foregoing reasons, Principal's motion for default judgment is granted in part and denied as moot in part. The motion is granted to the extent that it seeks interpleader relief, fees and costs, and a court order requiring the benefit under the

policy to be deposited in the court's registry.  The motion is denied as moot to the extent that it seeks default judgment against Brooks.  An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: June 25, 2020