# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY, | : | Civil No. 1:19-CV-00450 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| BETTY JANE BROOKS and ESTATE OF JOHN W. ALLEMAN, JR., | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

**AND NOW**, on this 25th day of June, 2020, for the reasons set forth in the accompanying memorandum, **IT IS ORDERED AS FOLLOWS**:

1. Plaintiff's motion for default judgment (Doc. 19) is **GRANTED IN PART AND DENIED AS MOOT IN PART**.

2. The motion for default judgment is granted to the extent that it seeks interpleader relief discharging Plaintiff of any further liability under the life insurance policy that was held by John W. Alleman, Jr. ("the policy").

3. The motion for default judgment is granted to the extent that Plaintiff seeks to deposit the benefit due under the policy into the court's registry.

4. The motion for default judgment is granted to the extent that Plaintiff seeks to recover its attorney's fees and costs. Plaintiff is awarded attorney's fees and costs in the amount of $6,880.31, which shall be deducted from the benefit due under the policy.

1

5. Within thirty days of Plaintiff's receipt of this order, Plaintiff shall deposit the benefit due under the policy, minus Plaintiff's attorney's fees and costs, with the Clerk of Court.

6. The proceeds shall be deposited by the Clerk into the Registry of this court as soon as the business of the office allows, and the Clerk shall deposit these funds into the interest-bearing account established within the Court Registry Investment System ("CRIS") administered by the Administrative Office of the United States Courts as Custodian, pursuant to Local Rule 67.1(b)(2).

7. The funds so invested in the interest-bearing CRIS fund shall remain on deposit until further notice of this Court at which time the funds, together with the interest thereon, shall be retrieved by the Clerk and redeposited into the non-interest bearing Registry of the Court for disposition pursuant to the further order of the Court.

8. Plaintiff shall serve a copy of this order upon the Clerk of Court and the Court's Financial Section.

9. Upon its successful deposit of the proceeds due under the policy, Plaintiff shall be dismissed from this action. The court will effectuate the dismissal by separate order.

10. Because Plaintiff is entitled to interpleader, the motion for default judgment is denied as moot to the extent that it seeks default judgment against Defendant Brooks.

                                                s/Jennifer P. Wilson
                                                JENNIFER P. WILSON
                                                United States District Court Judge
                                                Middle District of Pennsylvania